UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| JACQUIE M. BOSS, *Plaintiff*, | § § § |
| vs. | §  NO: 7:25-CV-00022-RCG |
| TARGET A/K/A TARGET CORPORATION *Defendant*. | § § § § |

### PLAINTIFF'S FIRST AMENDED COMPLAINT

**TO THE HONORABLE U.S. DISTRICT COURT:**

Now Comes Plaintiff, JACQUIE M. BOSS, hereinafter called "Plaintiff," complaining of Defendant TARGET A/K/A TARGET CORPORATION, and for cause of action, Plaintiff would respectfully show the Court the following:

### I.
### PARTIES

1. Plaintiff is an individual residing in Midland County, Texas and was living in Midland at the time the occurrence took place.

2. Defendant, **TARGET A/K/A TARGET CORPORATION,** is a Minnesota company doing business in the State of Texas. Defendant has appeared and answered, and no service of process is required at this time.

### II.
### REMOVAL JURISDICTION

3. This case was originally filed in state court and removed by Defendant based on diversity of citizenship. Plaintiff affirmatively states that the amount in controversy is more than $75,000.

## III.
## MISNOMER/ALTER EGO

4. Defendant, **TARGET A/K/A TARGET CORPORATION** has been sued in its assumed or common name pursuant to Tex. R. Civ. P. 28, which provides that any partnership, incorporated association, private corporation, or individual doing business under an assumed or common name may be sued in its partnership, assumed, or common name. In the event any parties are misnamed or inadvertently not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer," and/or such parties are/were "alter egos" of the parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## IV.
## VENUE

5. Venue of this lawsuit is proper in the Western District of Texas, Midland-Odessa Division because all, or a substantial part, of the events or omissions giving rise to this cause of action occurred in Midland, County, Texas.

## V.
## AGENCY

6. Whenever the term "defendants" is utilized within this petition, such term collectively refers to and includes all named defendants in this lawsuit.

7. Whenever in this petition it is alleged that a defendant or defendants did any act or thing or failed to do any act or thing, it is meant that the managers, directors, administrators, officers, agents, or employees of the defendant respectively performed, participated in, or failed to perform such acts or things while in the course and scope of their employment or agency relationship with

said defendant, and defendant is therefore liable under the theory of Respondent Superior, vicarious liability and/or under general agency principles.

# VI.
# FACTS

8. Defendant owns and operates the Target store at the location where this incident occurred at 4001 Midland Dr., in Midland, Texas.

9. Defendant operates the Target store to sell merchandise to the public, like the Plaintiff herein.

10. Defendant utilizes crossing warning signs to warn vehicles in their parking lot of pedestrian walkways.

11. These signs are often in a form similar to the below.



12. The sign in question has a thick heavy black rubber base with a brightly colored attached placard warning motorists of the potential for pedestrians in the area and advising them of the need to stop for same.

13. The Target in question was utilizing a similar sign when at some point in time the attached placard came off.

14. On information and belief, this occurred more than a week prior to the incident complained of herein.

15. After the placard was gone, rather than simply disposing of the thick heavy black rubber base, it is believed a Target employee moved the thick heavy black rubber base to the side of the building, directly in a pedestrian's pathway and where it would be expected for pedestrians to walk to access their cars parked on the side.

16. This is a picture of the area and the rubber base in question:



C:\Program Files\Smokeball\Data\Mattermanagement\Files2\Nzczognlzdytmwy3mi00zda3lwe0njetztg0nge4ywzlmtk2oee0mue0mdnfnjg0quqznuvgquzgrdewque3qkzeqza=\Plaintiff'S First Amended Complaint.Docx (MBP/kld)Page **4** of **11**

17. On information and belief, the thick heavy black rubber base was located on the west side of the Target building for over a week prior to the trip and fall which injured Ms. Boss.

18. On December 13, 2022, at around 7:00 p.m., after dark, Ms. Boss went to Target to shop for virtual reality headsets because Target advertised a sale on the virtual reality headsets.

19. Ms. Boss pulled into the Target parking lot and parked on the west side of the building.

20. Ms. Boss then walked back towards the rear of her car and cut over onto the sidewalk on that side of the building.

21. The west side of the Target building does not have adequate lighting affixed, installed, or placed on the Target building leaving the area dark, lit only by scarce ambient lighting that also creates dark shadows.

22. Ms. Boss purchased two virtual reality headsets and proceeded back to her vehicle. Ms. Boss exited Target and turned left at the west side of the Target building to reach her car on the pedestrian pathway for vehicles parked on the west side of the Target building. The alternative would have been to walk in the pathway vehicles travel and behind parked cars.

23. Ms. Boss could not, and did not, see the thick black rubber sign base that was pushed against the building, taking up a large portion of and squarely in the pedestrian walkway. There were no lights to illuminate the pedestrian walkway. It was dark and the ambient light created dark shadows. As a result, Ms. Boss tripped and fell over the base.

24. Ms. Boss fell to her knees. Her knees slammed onto the ground with no way to break her fall. The impact contused her tissues and broke her skin, even through the jeans she was wearing. The impact led to a sprained left knee with significant pain, bruising and swelling.

25. Defendant extended an open invitation to the public, including Plaintiff, to come onto the premises and purchase goods being sold by the Defendant. Plaintiff entered the premises for the purpose of shopping which entailed physically carrying bags of items purchased at said Defendant's store. Accordingly, Plaintiff was a business invitee to whom Defendant owed the duty to use ordinary care in making its premises reasonably safe and/or warning the Plaintiff of any dangerous conditions and/or activities existing upon said premises.

26. Crosswalk signs are meant to increase the safety of customers like Plaintiff. They are placed where the sign itself is highly visible and where you expect people to be actively walking, in this case, along the front of the building to allow for safe crossing of all pedestrians into and out of the store. The thick heavy black base is built out of material to withstand the elements and maintain where they are placed. The thick heavy black sign base has no independent reflective material.

27. The thick heavy black sign base was placed on the side of the Target building in a narrow space instead of being thrown away.

28. The thick heavy black sign base was placed in the narrow way shoppers use when they park on the side of the building. This area is a known and common pedestrian pathway used by Target shoppers who park on the west side of the building.

29. Why was a broken sign kept to begin with? Much less, why was it placed in a highly foot-trafficked area that lacked any light to illuminate the pedestrian walkway when there is scarce ambient lighting in the dark that creates dark shadows, and no top to the sign? Basically, it became a pedestrian hazard instead of a safety feature.

30.     This created a dangerous environment for all shoppers, but especially for Jacquie Boss. As a result of the fall, Plaintiff sustained severe personal injuries and damages.

31.     Defendant knew or should have known of the unreasonably dangerous condition that would be created if they failed to maintain the premises from any dangers such as broken signs and bases that they failed to remove from the parking lot. Defendant knew or should have known that the broken sign base, which was black like the pavement, created a tripping and falling danger to anyone who would use the walkway to enter their store.   Finally, the defendant, after creating this hazardous condition by failing to remove the broken sign base from the parking lot, neither corrected nor warned Plaintiff of the same. Plaintiff did not have knowledge of the dangerous condition and could not have reasonably been expected to discover it prior to this incident. Defendant's failure to correct the condition, and/or failure to warn Plaintiff of the condition constituted negligence.   Such negligence was a proximate cause of the occurrence in question and of Plaintiff's resulting injuries and damages.

## VII.
## NEGLIGENCE

32.     On the occasion in question, the Defendant committed acts and/or omissions that constituted negligence which proximately caused the incident in question, to wit:

   A.   In failing to maintain the premises in question in a reasonably safe condition and free of hazards to Plaintiff and other invitees entering the premises;

   B.   By failing to install, provide, and maintain adequate lighting to illuminate a pedestrian walkway in the dark and alert them to potential hazards in the walkway;

   C.   In creating the hazardous condition by placing the thick heavy black sign base next to the building, in a walking area, knowing the parking lot on the west side of the building did not have any lighting installed, attached, or maintained to alert any

        invitees of a potential hazard;

D.      In creating the hazardous condition by placing the thick heavy black sign base next to the building, in a walking area, lit only with scarce ambient lighting creating dark shadows;

E.      In leaving it there for a minimum of a week prior to the incident complained of herein;

F.      In failing to correct the unreasonably dangerous condition which was created by placing a thick heavy black sign base in a narrow walkway next to their building on the premises in question that lacked any independent reflective material;

G.      In failing to protect and safeguard invitees such as Plaintiff from unreasonably unsafe and dangerous conditions;

H.      In failing to warn invitees, including Plaintiff, of the dangerous condition of the premises in question;

I.      In failing to properly inspect the premises in question to discover the unreasonably dangerous condition created by the pothole in question;

J.      In failing to exercise reasonable care to reduce or eliminate the risk to invitees such as Plaintiff of the unreasonably unsafe and dangerous conditions, and/or failing to warn invitees such as Plaintiff of the unreasonably unsafe and dangerous conditions at the time of this incident including but not limited to the following respects:

    1) Defendant negligently permitted a dangerous condition to exist and/or remain on the premise in question; and
    2) Defendant negligently failed to exercise that degree of care in the maintenance of the premise in question as would a person of ordinary prudence under the same or similar circumstances on the occasion in question.

33.     Each and all of the above and foregoing acts, both of omission and commission, singularly or in combination with others, constituted negligence which proximately caused the occurrence made the basis of this suit, and Plaintiff's injuries and damages pled herein.

34.     At all times relevant to this lawsuit, Defendant knew or in the exercise of ordinary and reasonable care should have known of the dangerous condition on the premise and of the foreseeable harm that its negligent acts and/or omissions posed to invitees such as Plaintiff. The negligence described herein should be imputed to Defendant because such negligence occurred as a result of the acts and/or omissions of Defendant's employees, agents, servants, representatives, and/or officers and with Defendant's knowledge and/or consent.

## VIII.
## DAMAGES

35.     As a proximate cause of the Defendant's negligence the Plaintiff has sustained the following damages:

    a.  Medical, hospital, and pharmaceutical charges and expenses that, in reasonable medical probability, will be incurred in the future;

    b.  Loss of earning capacity in the past and future;

    c.  Pain and suffering in the past;

    d.  Pain and suffering that, in reasonable probability, will be suffered in the future;

    e.  Mental anguish suffered in the past;

    f.  Mental anguish that, in reasonable probability, will be suffered in the future;

    g.  Disability and physical impairment in the past; and

    h.  Disability and physical impairment that, in reasonable probability, will occur in the future;

36. Based on the above enumerated injuries and damages which were caused by the negligent acts and/or omissions of the Defendant, the Plaintiff pleads for actual damages in an amount that the jury deems reasonable under the circumstances.

## IX.
## JURY DEMAND

37. Plaintiff hereby demands a trial by jury.

## X.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that upon a final hearing hereof, Plaintiff have judgment against the Defendant for damages as listed above in an amount the jury deems reasonable under the circumstances together with pre-judgment interest, post-judgment interest, costs of court, and for such other and further relief to which the Plaintiff may be justly entitled.

Respectfully submitted,

By:  /s/ Misty Borland Phiffer
       Misty Borland Phiffer
       Texas Bar No. 00792365
**BORLAND PHIFFER LAW PLLC**
709 W. Scharbauer Dr., Ste. 5A
Midland, TX 79705
432-219-6063; 432-219-6054
law@911bplaw.com

Holly B. Williams
Texas Bar No. 00788674
**WILLIAMS LAW FIRM, P. C.**
1209 W. Texas Avenue
Midland, TX 79701

432-682-7800; 432-682-1112 (fax)<br>
holly@williamslawpc.com

**ATTORNEYS FOR PLAINTIFF**

**<u>CERTIFICATE OF SERVICE</u>**

  I hereby certify that on May 22, 2025, I electronically submitted the foregoing document with the Clerk of the Court for the U.S. District Court, Western District of Texas, using the electronic case filing (CM/ECF) system of the Court.  The CM/ECF system sent a "Notice of Electronic Filing" to all attorneys of record.

/s/ Holly B. Williams<br>
Holly B. Williams